1

2                                                            O

3

4

5                    **UNITED STATES DISTRICT COURT**

6                    **CENTRAL DISTRICT OF CALIFORNIA**

7                         **EASTERN DIVISION**

8

9  RICHARD ALAN BENJAMIN,        )    Case No. EDCV 12-1021-MLG
                                  )
10             Plaintiff,         )    MEMORANDUM OPINION AND ORDER
                                  )
11        v.                      )
                                  )
12  MICHAEL J. ASTRUE,            )
    Commissioner of the          )
13  Social Security              )
    Administration,              )
14                                )
               Defendant.         )
15  _____  )

16

17        Plaintiff  Richard  Benjamin  seeks  judicial  review  of  the

18  Commissioner's final decision denying his application for Supplemental

19  Security  Income  ("SSI")  benefits.  For  the  reasons  stated  below,  the

20  decision  of  the  Commissioner  is  affirmed  and  the  matter  is  dismissed

21  with prejudice.

22

23  **I.   Background**

24        Plaintiff was born on June 28, 1960, and was 48 years old at the

25  time  he  filed  his  application  for  benefits.  (Administrative  Record

26  ("AR") at 107.) He has a tenth grade education and no relevant work

27  experience. (AR at 16, 111, 115.) Plaintiff filed his SSI application on

28

                                   1

May 7, 2009, alleging disability since July 1, 1996, due to back pain.[1] (AR at 100, 107, 110.)

Plaintiff's applications were denied initially on September 10, 2009, and upon reconsideration on April 15, 2010. (AR at 48-52, 54-59.) An administrative hearing was held on June 28, 2011, before Administrative Law Judge ("ALJ") William Mueller, during which Plaintiff testified, as did a vocational expert ("VE"). (AR at 22-43.)

On July 27, 2011, ALJ Mueller issued an unfavorable decision. (AR at 7-18.) The ALJ found that the medical evidence established that Plaintiff suffered from the following severe impairments: musculoskeletal disorders of the spine, affective disorder and anxiety. (AR at 12.) The ALJ determined that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) "except the claimant should have a sit stand option and would be limited to simple, routine, repetitive tasks." (AR at 13.) The ALJ concluded, based upon the testimony of the VE, that there were jobs that exist in significant numbers in the national economy that Plaintiff was capable of performing, such as electronic worker, parking lot booth attendant and ticket taker, and was therefore not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (AR at 17-18.)

//

---

[1] Plaintiff originally filed applications for both SSI benefits and Disability Insurance benefits. At the administrative hearing, Plaintiff amended his alleged onset date to June 28, 2010, his 50th birthday, and withdrew his application for Disability Insurance benefits. (AR at 10, 26-27.)

On April 27, 2012, the Appeals Council denied review. (AR at 1-4.) Plaintiff then timely commenced this action for judicial review. On October 26, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred in assessing Plaintiff's RFC. (Joint Stip. at 4.) Plaintiff seeks remand for a new administrative hearing. (Joint Stip. at 15.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 16.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

1  **III. Discussion**

2      Plaintiff contends that the ALJ erred in determining that Plaintiff

3  retained an RFC for a limited range of light work with a sit-stand

4  option. (Joint Stip. at 4.) Plaintiff argues that his chronic low back

5  pain prevents him from sustaining full time work at any exertional

6  level. (Id. at 5.) Alternatively, Plaintiff contends that at best, he is

7  limited to sedentary work, which would mandate a disability finding

8  under the Medical-Vocational Guidelines, 20 C.F.R., Part 404, Subpart P,

9  Appendix 2. (Joint Stip. at 8.)

10     A claimant's RFC is what he is capable of doing despite his

11 physical and mental limitations. 20 C.F.R. § 404.1545(a)(1); *Cooper v.*

12 *Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "RFC is an assessment

13 of an individual's ability to do sustained work-related physical and

14 mental activities in a work setting on a regular and continuing basis."

15 SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). An RFC

16 assessment is ultimately an administrative finding reserved to the

17 Commissioner. 20 C.F.R. § 404.1527(e)(2). However, an RFC determination

18 is based on all of the relevant evidence, including the diagnoses,

19 treatment, observations, and opinions of medical sources, such as

20 treating and examining physicians. *Id*.

21     Although Plaintiff cites to medical records that reference

22 Plaintiff's chronic low back pain (Joint Stip. at 4), he has completely

23 failed to show how this back pain prevents him from sustaining full time

24 work at the light exertional level. The ALJ properly referred to the

25 medical evidence in the record in reaching his RFC determination. (AR at

26 13-16.) This evidence did not demonstrate that Plaintiff's low back pain

27 was so severe as to prevent Plaintiff from sustaining light work with a

28 sit stand option.

4

Indeed, the record shows that the ALJ gave Plaintiff the benefit of the doubt in determining that Plaintiff was capable only of light work with a sit-stand option. One of the State Agency reviewing physicians, Dr. J. Ross, M.D., concluded that Plaintiff retained an RFC for medium work (AR at 217), while another State Agency physician, A. Lizarraras, concluded that Plaintiff did not have any severe physical impairment. (AR at 167.) The ALJ properly synthesized the medical record and the conclusions of the reviewing physicians in assessing Plaintiff with an RFC for light work with a sit-stand option. The ALJ's RFC assessment was supported by substantial evidence in the record, and therefore, Plaintiff is not entitled to relief on this claim.

Plaintiff also makes several other arguments which are interspersed with his claim of RFC error. The Court will address each of these in turn:

Plaintiff contends that the ALJ erred in assessing his credibility. (Joint Stip. at 5-7.) To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and

restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. Here, the ALJ provided several acceptable reasons for discrediting Plaintiff's testimony, each of which is fully supported by the record. First, the ALJ noted that Plaintiff had a "poor earnings history with no earnings since 1993 and has never earned more than $5,348 in one year." (AR at 14, citing AR at 106.) At the administrative hearing, Plaintiff admitted that he had not worked for a long time. (AR at 28-29.) An ALJ may properly consider a claimant's poor or nonexistent work history in making a negative credibility determination. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (claimant's "spotty" work history with "years of unemployment between jobs" negatively affected claimant's credibility). The ALJ also noted that at least part of the reason for Plaintiff's poor work history was that he was periodically incarcerated for drug possession and sales. (AR at 14, 29, 200.)

The ALJ also concluded that Plaintiff stopped working for reasons other than disability, noting that Plaintiff told the psychiatric examiner that he quit his job as a mechanic three years earlier and that he had attempted to do roofing and painting jobs under the table but was never able to do this for long because he could not stick with a job. (AR at 14, citing AR at 28-29.) An ALJ may consider the fact that a claimant stopped working for reasons other than disability in assessing credibility. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

1    The ALJ made specific findings articulating clear and convincing
2  reasons for his rejection of Plaintiff's subjective testimony. *Smolen*,
3  80 F.3d at 1284. Because it is the responsibility of the ALJ to
4  determine credibility and resolve conflicts or ambiguities in the
5  evidence, a reviewing court may not second-guess the ALJ's credibility
6  determination when it is supported by substantial evidence in the
7  record, as here. *Magallanes*, 881 F.2d at 750; *See Fair*, 885 F.2d at 604.
8  It was reasonable for the ALJ to rely on the reasons stated above, each
9  of which is fully supported by the record, in rejecting the credibility
10 of Plaintiff's subjective complaints.

11    Plaintiff also claims that the ALJ erred in failing to consider the
12 alleged side effects of his medication. (Joint Stip. at 5-6.) In support
13 of this argument, Plaintiff states he was taking Soma and Indocin[2] and
14 testified at the administrative hearing that these medicines made him
15 drowsy. (Id.)

16    "The ALJ must consider *all factors* that might have a 'significant
17 impact on an individual's ability to work.'" *Erickson v. Shalala*, 9 F.3d
18 813, 817 (9th Cir. 1993) (emphasis in original) (quoting *Varney v.*
19 *Secretary of Health & Human Serv.*, 846 F.2d 581, 585 (9th Cir. 1987)),
20 *relief modified*, 859 F.2d 1396 (1988)). Such factors "may include side
21 effects of medications as well as subjective evidence of pain."
22 *Erickson*, 9 F.3d at 818; *Varney*, 846 F.3d at 585 ("[S]ide effects can be
23 a 'highly idiosyncratic phenomenon' and a claimant's testimony as to
24 their limiting effects should not be trivialized.") (citation omitted).

25

26

27    [2]  Soma is a muscle relaxant used to relieve pain and discomfort
   caused by muscle injuries. Indocin is an anti-inflammatory drug used to
28 treat pain caused by arthritis, gout, bursitis and tendinitis.
   <http://www.nlm.nih.gov>

1    However, Plaintiff bears the burden of producing medical evidence to

2    show that any claimed side effects from medication are severe enough to

3    interfere with the ability to work. *See Osenbrock v. Apfel*, 240 F.3d

4    1157, 1164 (9th Cir. 2001) (finding that "passing mentions of the side

5    effects of ... medication in some of the medical records" was

6    insufficient evidence); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th

7    Cir. 2005) (finding no error in ALJ's lack of discussion regarding

8    drowsiness from medication where the only evidence of side effects came

9    through the claimant's subjective testimony).

10       Here, a review of Plaintiff's medical records reveals no objective

11   evidence of disabling side effects from medications. The only evidence

12   of side effects comes from Plaintiff's subjective complaints at the

13   hearing, which the ALJ properly rejected. (AR at 14.) Plaintiff points

14   to no objective evidence in the record that the side effects of his

15   medications prevented him from sustaining full-time employment. There

16   was no error.

17

18   **IV.   Conclusion**

19       For the reasons stated above, the decision of the Social Security

20   Commissioner is affirmed and the matter is dismissed with prejudice.

21

22   DATED: November 9, 2012

23

24                                    _____

25                                    Marc L. Goldman
                                      United States Magistrate Judge

26

27

28